# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

GEAR AUTOMOTIVE, L.L.C.,     )
                                   )
        Plaintiff,         )
                                   )
        vs.              )      Case No. 11-CV-00421-W-FJG
                                   )
ACCEPTANCE INDEMNITY INSURANCE )
COMPANY ET AL.,         )
                                   )
        Defendants.      )

## ORDER

Currently pending before the Court is Defendant Acceptance Indemnity Insurance Company's Motion to Dismiss Plaintiff's Petition (Doc. # 4) Acceptance Indemnity Insurance Company's Motion to Dismiss Plaintiff's First Amended Petition (Doc. # 11); Plaintiff's Motion to Strike Acceptance Indemnity Insurance Company's Motion to Dismiss (Doc. # 14); Defendant Wilshire Insurance Company's Motion to Dismiss Plaintiff's First Amended Petition (Doc. # 15); Plaintiff's Motion for Leave to File Second Amended Petition (Doc. # 16); and Plaintiff's Motion to Disqualify Attorneys and Law Firm (Doc. # 17).

## I. BACKGROUND

Robert Gear is the owner of Gear Automotive, L.L.C. On October 26, 2008, Robert Gear sustained a gunshot wound to his leg and was injured during a robbery on the premises of his business. On that date, plaintiff alleges that it had in place a commercial garage insurance policy No. CG00076010 that covered incidents arising from garage operations, up to $300,000.00. On January 20, 2010, Robert Gear made a

demand for payment for injuries against defendants but the insurers denied liability. On

April 23, 2010, Robert Gear filed suit against plaintiff, Gear Automotive, seeking

damages for personal injuries.  On December 10, 2010 judgment was entered for

Robert Gear and against Gear Automotive for $350,000.00 by the Circuit Court.  On

March 11, 2011, Gear Automotive filed suit in Jackson County, Missouri against

Acceptance Indemnity Insurance Company ("Acceptance") for Bad Faith Refusal to

Settle, Breach of Contract and Vexatious Refusal to Settle.  On April 20, 2011,

Acceptance removed the case to this Court.  On May 3, 2011, plaintiff filed an Amended

Petition adding Wilshire Insurance Company as an additional defendant.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.' 550 U.S. at 555, 127 S.Ct. at 1965. Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting

Twombly 550 U.S. at 557, 127 S.Ct. at 1966).  "Determining whether a claim is plausible

is a 'context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010)

(quoting Iqbal 129 S.Ct. at 1950).  Under Fed. R. Civ. P. 12(b)(6) we must accept the

plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's

favor. Barry v. Time Ins. Co., No. CIV 11-4018-KES, 2011 WL 2566129, *2 (D.S.D.

June 28, 2011).

## III. DISCUSSION

### A.  Defendants' Motions to Dismiss and Plaintiff's Motion to Strike

Defendant Acceptance states that the policy at issue was initially entered into by Gear Automotive and Acceptance, but an endorsement later changed the insurer from Acceptance to Wilshire Insurance Company.  Acceptance argues that since it is no longer the insurer on this policy, plaintiff has failed to state a claim and Acceptance should be dismissed as a party to this action.  Plaintiff responds that the policy in its possession shows Acceptance to be the insured and there is no evidence in the pleadings which shows that Acceptance is not a proper party.  Plaintiff also states that in order to avoid any delays, it has now filed an Amended Petition adding Wilshire Insurance Company ("Wilshire") as an additional defendant.  On May 20, 2011, Acceptance filed a Motion to Dismiss plaintiff's First Amended Petition.  Acceptance restates its initial argument that it was not the named insurer on the policy and thus the Petition should be dismissed.  In support of this argument, Acceptance attached an unauthenticated and unsigned copy of the Endorsement. Plaintiff responded by filing a Motion to Strike the Motion to Dismiss stating that the second Motion to Dismiss parallels the previous one and improperly attempts to rely on documents outside the pleadings.  Acceptance responded stating that the filing of the second Motion to Dismiss was necessitated by plaintiff's filing of the First Amended Petition.  Acceptance states that it attached the endorsement in order to show that it is not the proper party. Acceptance argues that this was not improper, redundant, immaterial, impertinent or

scandalous and the Motion should not be stricken.

Defendant Wilshire Insurance Company also filed a Motion to Dismiss stating that plaintiff's First Amended Petition fails to assert that coverage existed under the policy and failed to plead the requisite elements of a breach of contract claim, bad faith refusal to settle claim and a vexatious refusal to pay claim. In response, Plaintiff stated that even though it believed its petition was sufficiently pled, in order to avoid any further delays, it has filed a Motion seeking leave to file a Second Amended Petition. In reply, Wilshire states that due to the pending Motion for Leave to file the Second Amended Petition, the Court may deem its pending motion to dismiss as moot.

With regard to Acceptance's Motions to Dismiss, the only basis on which it moved for dismissal was that plaintiff had sued the incorrect party. In support of its argument Acceptance attached only an unsigned, unauthenticated endorsement which substitutes Wilshire as the insurer. This is insufficient evidence on which to conclude that Acceptance is not a proper party. In Moss v. Casey's General Stores, Inc., No. 07-00300-CV-W-FJG, 2007 WL 2084112, *4 (W.D.Mo. July 17, 2007), the defendant also argued that it was an improper party because it did not own or operate the building where the plaintiff was injured. The defendant in that case in support of its Motion to Dismiss submitted a corporate representative's affidavit which stated that Casey's General Store did not own or operate the particular store in question. However, the Court denied the motion to dismiss finding that the plaintiff was entitled to discovery on the issue of which company operated the store. The Court also found that the corporate representative's affidavit was insufficient because it failed to state the nature of the representative's position and why he would have personal knowledge regarding which

corporate entity owned or operated the store. In the instant case, the defendants did not even submit an affidavit in support of their motion. Therefore, the Court finds that the unsigned and unauthenticated endorsement is insufficient evidence on which to determine whether or not Acceptance is a proper party to this action. Accordingly, Acceptance's Motions to Dismiss (Docs. # 4, 11) are hereby **PROVISIONALLY DENIED**. If upon further discovery Acceptance uncovers evidence showing that it is not the correct party, it may renew its motion to dismiss. The Court also **DENIES** plaintiff's Motion to Strike (Doc. # 14). Acceptance was entitled to file the second Motion to Dismiss after Plaintiff filed its First Amended Petition.

With regard to Wilshire's Motion to Dismiss, the Court finds that plaintiff has now rectified the omissions in the Petition with its proposed Second Amended Petition. Accordingly, the Court hereby **DENIES** Wilshire's Motion to Dismiss Plaintiff's First Amended Petition (Doc. # 15) and **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Petition (Doc. # 16). Plaintiff shall file its Second Amended Petition within five days of the date of this Order. Plaintiff shall also attach as a exhibit to the Petition, a copy of the insurance policy which is at issue in this case.

### B. Plaintiff's Motion to Disqualify

Plaintiff has moved to disqualify Wilshire's attorneys and their law firm because they have entered their appearance on behalf of both defendants in this case. Defendants state that there is no concurrent conflict of interest because their representation of both Acceptance and Wilshire will not cause them to take positions which are directly adverse to either client, nor is there a risk that the representation of

either client will be materially limited by the lawyer's responsibilities to the other client. Additionally, defendants state that both clients are aware of and have requested dual representation. Plaintiff did not reply or offer any contrary evidence demonstrating that defendants' counsel would not be able to adequately defend both Wilshire and Acceptance. Accordingly, the court hereby **DENIES** plaintiff's Motion to Disqualify Jill Smith and John G. Schultz and the law firm of Franke,Schultz & Mullen (Doc. # 17).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **PROVISIONALLY DENIES** Defendant Acceptance Indemnity Insurance Company's Motion to Dismiss Plaintiff's Petition (Doc. # 4); **PROVISIONALLY DENIES** Acceptance Indemnity Insurance Company's Motion to Dismiss Plaintiff's First Amended Petition (Doc. # 11); **DENIES** Plaintiff's Motion to Strike Acceptance Indemnity Insurance Company's Motion to Dismiss (Doc. # 14); **DENIES** Defendant Wilshire Insurance Company's Motion to Dismiss Plaintiff's First Amended Petition (Doc. # 15); **GRANTS** Plaintiff's Motion for Leave to File Second Amended Petition (Doc. # 16); and **DENIES** Plaintiff's Motion to Disqualify Attorneys and Law Firm (Doc. # 17). Plaintiff shall file its Second Amended Petition within five (5) days of the date of this Order and shall attach a copy of the subject insurance policy as an exhibit to the Petition.


Date:_ July 21, 2011            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                             Chief United States District Judge