# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GEAR AUTOMOTIVE, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-00421-W-FJG |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY ET AL., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Plaintiff's Motion to Dismiss Defendant Acceptance Indemnity Insurance Company (Doc. # 73); Plaintiff's Motion to Dismiss Count I of Plaintiff's Claims Against defendant Wilshire Insurance Company (Doc. # 74); Plaintiff's Motion for Summary Judgment on Plaintiff's Counts II and III (Doc. # 75); Defendant Wilshire Insurance Company's Motion for Summary Judgment (Doc. # 76); Plaintiff's Motion to Strike (Doc. # 86); Joint Motion for Extension of Time to File Jury Instructions (Doc. # 98); Defendants' Motion in Limine to Exclude Evidence of the Financial Status of Any Party (Doc. # 99); Defendants' Motion in Limine Regarding Insurance Policy Ambiguity and Contract Interpretation (Doc. # 100) and Defendants' Motion in Limine Regarding Use of Depositions (Doc. # 102).

### I. BACKGROUND

Robert Gear is the sole owner and member of Gear Automotive, L.L.C., a car dealership. In 2008, Robert Gear's brother, Darrell Gear became an employee of Gear Automotive. In 2008, Gear Automotive did not have a worker's compensation policy in

effect. On October 25, 2008, Robert Gear and his brother learned that their business had been vandalized and broken into. The police advised Robert Gear that based on their investigation, it was likely that the thieves would return. The police advised Robert Gear to conduct surveillance on his property that evening. Based on the police department's recommendation, Robert Gear arranged for his brother Darrell and another gentleman, Joe Posner to wait inside Gear Automotive that evening. Robert Gear hired and agreed to pay Mr. Posner $100 for his security services that evening. Robert Gear planned to come by later in the evening and observe his business from across the street. At some point in the evening, Darrell Gear advised his brother that he heard a noise. Robert Gear drove over to his business and encountered a vehicle which was leaving the premises. Robert Gear attempted to follow a car that was driving away. However, after being unable to track down the vehicle, Robert Gear returned to his business. As he was approaching the building, he observed people inside the garage. As Robert Gear was calling out to his brother, an individual began running out of the building. Joe Posner came out of the building and fired a shot, which struck Robert Gear in the leg.

On the day of the accident, plaintiff alleges that it had in place a commercial garage insurance policy No. CG00076010 that covered incidents arising from garage operations, up to $300,000.00. On January 20, 2010, Robert Gear made a demand for payment for injuries against defendants but the insurer denied liability. On April 23, 2010, Robert Gear filed suit against his own company, Gear Automotive, seeking damages for personal injuries. On December 10, 2010, the Circuit Court of Jackson County, Missouri entered judgment in Robert Gear's case, reflecting a settlement

2

between himself and Gear Automotive pursuant to Mo.Rev.Stat. §537.065. It was agreed that Robert Gear would not execute on the judgment against Gear Automotive, L.L.C., but would only attempt to obtain insurance proceeds.

On March 11, 2011, Gear Automotive filed suit in Jackson County, Missouri against Acceptance Indemnity Insurance Company ("Acceptance") for Bad Faith Refusal to Settle, Breach of Contract and Vexatious Refusal to Settle. On April 20, 2011, Acceptance removed the case to this Court. On May 3, 2011, plaintiff filed an Amended Petition adding Wilshire Insurance Company as an additional defendant. On July 25, 2011, plaintiff filed a Second Amended Petition.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for

3

summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

**A. Key Policy Provisions**

The policy at issue is a Commercial General Liability policy. The relevant provisions are as follows:

**Section II - Liability Coverage**

    **A. Coverage**

    **"Garage Operations" - Other than Covered "Autos"**

    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos."

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance "Garage Operations"- Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

  **1. Who Is An Insured**

    **b. The following are "insureds" for "garage operations" other than covered "autos":**
    (1) You.
    (2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

4

**B. Exclusions**
This insurance does not apply to any of the following:

3. Workers' Compensation
Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**B. Wilshire Insurance Company's Motion for Summary Judgment**

Defendant initially moved for summary judgment arguing that several exclusions in the policy precluded coverage including the Employer Indemnification and Employer's Liability Exclusion and the Fellow Employee Exclusion. After reviewing the parties' Motions for Summary Judgment, the Court requested that the parties provide additional briefing on the applicability of the Workers' Compensation Exclusion contained in the Wilshire policy.

Defendant argues that courts interpreting this exclusion have found that this exclusion excludes coverage "if the employer <u>may</u> be held liable under the workers' compensation law regardless of the circumstance." Defendant states that if the basis of the underlying action is an obligation for which the employer <u>may</u> be held liable under the workers' compensation law, the policy excludes coverage. Defendant states that in this case, Gear Automotive, L.L.C. had the option to purchase workers' compensation insurance, but chose not to purchase this insurance. However, because the company may have been liable under the law, defendant argues that the exclusion applies.

Plaintiff argues that the exclusion does not apply because: 1) members are covered under the policy regardless of employment status; 2) under Missouri law, workers' compensation does not apply in this case; 3) employees excluded under the

5

Workers' Compensation Act can bring any common law action against their employer; 4) the state laws in the cases cited by the Court are distinguishable and the policy is different than the policies cited by the Court and 5) the Workers' Compensation exclusion should conform to the workers' compensation law in Missouri.

### 1. Commercial General Liability Policies

In <u>American Family Mutual Insurance Co. v. Tickle</u>, 99 S.W.3d 25 (Mo.App. 2003), the Court stated:

> An employer obtains a liability policy 'to cover *its liability to the public* for negligence of its agents, servants and employees under the doctrine of respondeat superior.' <u>Ward v. Curry</u>, 341 S.W.2d 830, 837 (Mo.1960). This is because compliance with the provisions of the Workers' Compensation Act constitutes the full extent of an employer's liability for any injuries sustained by its employees, direct or statutory, arising out of and in the course of their employment. The intent of commercial general liability policies is to protect against the unpredictable and potentially unlimited liability that can result from accidents causing injury to other persons or their property. [<u>Columbia Mut. Ins. Co. v.</u>] <u>Schauf</u>, 967 S.W.2d 74, 77 [(Mo. banc 1998)]. A commercial general liability policy does not cover the insured's obligations under a workers' compensation policy or bodily injury to the insured's employees arising out of the employment. II Mo. Insurance Practice § 10.11 (Mo.Bar 4th ed. 1995).

<u>Id</u>. at 29.

### 2. Missouri Workers' Compensation Law

Gear Automotive, L.L.C. was not required to have worker's compensation insurance coverage because it did not have five or more employees. <u>See</u> Mo.Rev.Stat. § 287.030.1(3). Robert Gear is listed as the only member of the company, owning 100% interest in the company. (Plaintiff's Ex. 10). In the summer of 2008, Mr. Gear testified that the company was comprised of himself and his brother, who was the only employee of the business (Gear Depo. p. 7).

6

The Missouri Worker's Compensation statute states in part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term **"accident"** as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Mo.Rev.Stat. § 287.120.

In Robinson v. Hooker, 323 S.W.3d 418 (Mo.App. 2010), the Court stated the language quoted above "implicitly allows an injured employee to pursue civil remedies for claims against parties not covered by the Act. That interpretation is consistent with Section 287.150.1, which expressly preserves the employee's right of recovery against a 'third person' whose negligence caused the workplace injury." Id. at 424.

The Missouri Workers' Compensation statute allows for limited liability companies such as Gear to purchase workers compensation insurance. Mo.Rev.Stat. § 287.037 states in part:

Notwithstanding any other provision of law to the contrary, beginning January 1, 1997, those insurance companies providing coverage pursuant to chapter 287, to a limited liability company, as defined in section 347.015, RSMo, shall provide coverage for the employees of the limited liability company who are not members of the limited liability company. Members of the limited liability company, as defined in section 347.015 RSMo, shall also be provided coverage pursuant to chapter 287, but such members may individually elect to reject such coverage by providing a written notice of such rejection on a form developed by the department of

insurance to the limited liability company and its insurer.

### 3. Gear Automotive L.L.C.'s Insurance and the Injury

Mr. Gear testified that in October 2008, Gear Automotive did not have a Workers' Compensation policy in effect. When asked if he had ever requested that his agent obtain workers' compensation insurance for the business, Mr. Gear replied that his agent told him that he did not need it because the business had less than five employees. (Gear Depo. p. 9-10).

On April 23, 2010, Robert Gear filed suit against Gear Automotive, L.L.C., alleging that Gear Automotive was negligent and breached its duty to use all ordinary care by: "failing to see that the place of work was reasonably safe;" "failing to see that suitable instrumentalities were provided to its employees"; and/ or "failing to see that suitable instrumentalities were safely used." Plaintiff alleges that "[a]s a direct and proximate result of Defendant's negligence, Plaintiff was injured, including but not limited to a gunshot wound to his left thigh, severe anemia secondary to peroperative blood loss, pain, suffering and mental anguish." Plaintiff also sued Gear Automotive for the negligent hiring of Joseph Posner. (Plaintiff's Ex. 29 First Amended State Court Petition).

### 4. Contract Interpretation

In Burns v. Smith, 303 S.W.3d 505 (Mo. banc. 2010), the Missouri Supreme Court stated:

> It is black-letter law that: "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions."

8

> Seeck [v. Geico Gen. Ins. Co., 212 S.W.3d at 132; Martin [v.United States Fidelity & Guaranty Co.], 996 S.W.2d at 508; see Giokaris v. Kincaid, 331 S.W.2d 633, 639–640 (Mo.1960). Moreover, "[i]n construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." Seeck, 212 S.W.3d at 132; Martin, 996 S.W.2d 506, 508 (Mo. banc 1999). This rule, often referred to as the doctrine of "*contra proferentem*,"[1] is applied "more rigorously in insurance contracts than in other contracts" in Missouri. Mansion Hills Condominium Assoc. v. Am. Family Mut. Ins. Co., 62 S.W.3d 633, 637 (Mo.App.2001). Missouri also *strictly* construes exclusionary clauses against the drafter, who also bears the burden of showing the exclusion applies. Aetna Cas. & Sur. Co. v. Haas, 422 S.W.2d 316, 321 (Mo. banc 1968); Crossman v. Yacubovich, 290 S.W.3d 775, 779 (Mo.App.2009); McRaven v. F–Stop Photo Labs, Inc., 660 S.W.2d 459, 462 (Mo.App.1983)

Id. at 509-10.

### 5. Worker's Compensation Exclusion in Gear's Policy

In considering the Worker's Compensation exclusion at issue in the present case, other courts have considered similar exclusions. In United Fire & Casualty Co. v. Lipps, No. 1:07CV00072 LMB, 2009 WL 2143766 (E.D.Mo. July 14, 2009), the policy contained a workers' compensation exclusion which stated that the insurance policy does not apply to "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law." Id. at *2. The Court stated:

---

[1] "The doctrine of contra proferentem is a canon of construction. Black's Law Dictionary 327 (6th ed., 1991), states it is '[u]sed in connection with the construction of written documents to the effect that an ambiguous provision is construed most strongly against the person who selected the language.'"

9

> Courts have construed similar workers' compensation exclusions as applying to preclude tort claims rather than only claims for workers' compensation benefits. See Johnson v. Marciniak, 231 F.Supp.2d 958, 959-60 (D.N.D.2002); Brown v. Indiana Insurance Company, 184 S.W.3d 528, 534 (Ky.2005); Weger v. United Fire and Casualty Company, 796 P.2d 72, 73-74 (Colo.Ct.App.1990). The exclusion applies in the context of a tort action because the exclusion states it precludes any obligation for which the insured '*may* be held liable under any workers' compensation law.' . . .Under the terms of the policy, it is irrelevant whether the insurer was in fact held liable under workers' compensation law or whether the insurer even had workers' compensation coverage. See Johnson, 231 F.Supp.2d at 960-61 (exclusion applies even though employer did not have workers' compensation insurance); Brown, 184 S.W.3d at 534-35(same); Weger, 796 P.2d at 73-74 (same).

Id. at *6. Similarly, in Colony Insurance Co. v. Jackson, No. 09-CV-780-TCK-TLW, 2011 WL 2118728 (N.D.Okla. May 27, 2011), the Court stated that even though the injured employee was a passenger in a vehicle covered by the policy at the time of the accident, the employee is not covered by the policy because the employer or its insurer "had an insurance policy been purchased, may be held liable for such injuries under Oklahoma workers' compensation law." Id. at *8. The Court noted that the employer's failure "to carry workers' compensation insurance - and [the employee's] failure to recover any workers' compensation benefits - does not prevent application of the Workers' Compensation Exclusion." In Evanston Insurance Co. v. American Remedial Technologies Intern.,Inc., No. CV 09-8889CAS (VBKx), 2010 WL 1816713 (C.D.Cal. May 3, 2010), the Court examined a similar workers' compensation exclusion. The Court noted "[l]ike most commercial general liability policies, the Policy at issue here specifically excludes from coverage '[a]ny obligation of the insured under a workers' compensation . . . law or any similar law.' . . . see also Lee R. Russ, 9A Couch on Insurance § 129:10 (3rd ed. 2009)('A commercial general liability policy is not designed

10

to provide coverage for an employer's liability for injuries to its employees.')." Id. at *4.
The Court in Evanston found that because the employee's injuries occurred in the course of his employment, the injuries would have been covered by the workers' compensation insurance, if the company had obtained coverage. Under California law, every employer except the state is required to carry workers' compensation insurance. The Court noted:

> by failing to obtain workers' compensation coverage, [the Company] affirmatively exposed itself to civil action by [the employee] for personal liability. In other words, [the employee] 'would have had no right of action against [the employer] but for [the employer's] failure to comply with [the] workers' compensation statute.' See Tri-State Construction, Inc. v. Columbia Casualty Co., 39 Wash.App. 309, 316-17, 692 P.2d 899 (1984). Accordingly, although [the employer] chose not to obtain workers' compensation insurance, coverage for [the employee's] injuries is barred because the Policy at issue explicitly excludes [the employer's] obligations under workers' compensation law.

Id. at *5. The Court in that case found that coverage was precluded by the workers' compensation exclusion and found no duty on the insurer's part to defend the employer in the underlying action. In Brown v. Indiana Insurance Co., 184 S.W.3d 528 (Ky. 2005), the Court observed:

> Every jurisdiction that has considered this issue had held that a 'workers' compensation' exclusion in a policy of commercial automobile or CGL insurance, such as Exclusion 3 in this Indiana Insurance policy, precludes coverage when the insured employer is exposed to tort liability solely because of its failure to procure a policy of workers' compensation insurance. In Johnson v. Marciniak, 231 F.Supp.2d 958 (D.N.D.2002), the court specifically rejected the argument asserted by Willowbank that the 'workers' compensation' exclusion in the insured's CGL policy did not apply because the tort action did not seek workers' compensation benefits. . . . Id. at 959-60(construing North Dakota law). See also Nix, 7 P.3d at 1040 (auto policy); Weger v. United Fire & Cas. Co., 796 P.2d 72, 74 (Colo.Ct.App.1990)(CGL policy); Fla. Ins.Guar. Ass'n, Inc.v Revoredo, 698 So.2d 890, 893 (Fla.Dist.Ct.App.1997)(CGL policy); W.Farm Bureau Mut. Ins.Co. v. Barela, 79 N.M. 149,441 P.2d 47 (1968); Canal Ins. Co. v.

11

> Abraham, 598 N.W.2d 512, 517-18 (S.D.1999)(auto policy-exclusion applicable even though employer had elected not to be covered under workers' compensation act); Tri-State Constr., Inc. v. Columbia Cas. Co./CNA, 39 Wash.App. 309, 692 P.2d 899, 903 (1984)(upholding exclusion in CGL policy under Oregon law: 'Where an employer has failed to comply with the workers' compensation statute, liability in actions for damages expressly permitted by Oregon's workers' compensation statute in that situation is an 'obligation for which the insured . . .may be held liable under [the] workmen's compensation' law.').

Plaintiff argues that the workers' compensation exclusion does not apply because Gear Automotive was excluded under the Act, as it had less than five employees and was not required to purchase workers' compensation insurance. However, the statute does allow for limited liability companies such as Gear Automotive to purchase workers' compensation insurance, if they wish to be covered for those types of losses. Gear Automotive choose not to purchase workers' compensation insurance. Wilshire does not become liable under the commercial general liability policy for a worker's compensation type injury simply because Gear chose not to purchase worker's compensation insurance. Therefore, the Court hereby finds that the Workers' Compensation Exclusion in the Wilshire policy applies and bars coverage for plaintiff's claims. As there is no coverage under the policy, the Court also finds that Wilshire had no duty to defend Gear Automotive, L.L.C. in the underlying state court action. Therefore, the Court hereby **GRANTS** defendant's Motion for Summary Judgment (Doc. # 76). Plaintiff had also moved for summary judgment on its breach of contract claim and its vexatious refusal to settle claim. However, as the Court has determined that there is no coverage under the policy, the Court hereby **DENIES** plaintiff's Motion for Summary Judgment (Doc. # 75).

## IV. CONCLUSION

For the reasons stated above, the Court hereby rules as follows:

Plaintiff's Motion to Dismiss Defendant Acceptance Indemnity Insurance Company (Doc. # 73) is hereby **GRANTED**; Plaintiff's Motion to Dismiss Count I of Plaintiff's Claims Against defendant Wilshire Insurance Company (Doc. # 74) is hereby **GRANTED**; Plaintiff's Motion for Summary Judgment on Plaintiff's Counts II and III (Doc. # 75) is hereby **DENIED**; Defendant Wilshire Insurance Company's Motion for Summary Judgment (Doc. # 76) is hereby **GRANTED**; Plaintiff's Motion to Strike (Doc. # 86) is hereby **DENIED**; the Joint Motion for Extension of Time to File Jury Instructions (Doc. # 98) is hereby **DENIED AS MOOT** and Defendants' Motion in Limine to Exclude Evidence of the Financial Status of Any Party (Doc. # 99); Defendants' Motion in Limine Regarding Insurance Policy Ambiguity and Contract Interpretation (Doc. # 100) and Defendants' Motion in Limine Regarding Use of Depositions (Doc. # 102) are all **DENIED AS MOOT**.


Date:     5/18/12              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge